IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FRANK STUBBLEFIELD,           §
TDCJ #403672,                 §
                              §
            Petitioner,       §
                              §
v.                            §        CIVIL ACTION NO. H-04-2129
                              §
DOUGLAS DRETKE,               §
                              §
            Respondent.       §

**MEMORANDUM OPINION AND ORDER**

Petitioner, Frank Stubblefield, proceeding *pro se* and *in forma pauperis*, filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is not challenging his conviction, but instead is challenging the calculation of the prison time necessary to fulfill his sentence.  Pending before the court is Respondent Douglas Dretke's Motion for Summary Judgment with Brief in Support (Docket Entry No. 12), to which petitioner has filed objections (Docket Entry No. 16).  For the reasons set forth below, the court will grant respondent's motion for summary judgment and deny petitioner habeas corpus relief.

**I.   Procedural History and Claims**

On July 16, 1985, the 185th District Court of Harris County, Texas, found Stubblefield guilty of aggravated sexual assault and

aggravated robbery.  State v. Stubblefield, Nos. 414010 and 421753 (185th Dist. Ct., Harris County, Tex.).  Following his plea of "true" to two enhancement paragraphs, the trial court sentenced Stubblefield to 45 years of confinement in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) for each offense, with his sentences to run concurrently.  Stubblefield is serving his sentences in the TDCJ's Huntsville Unit.

Stubblefield timely appealed his convictions. The First Court of Appeals denied the appeal on July 3, 1986.  Stubblefield v. State, Nos. 01-85-00716-CR; 01-85-00719-CR (Tex. App. -- Houston [1st Dist.] 1986, writ denied).  Stubblefield later filed three separate state petitions for a writ of habeas corpus.  The first was filed on June 9, 1987, and challenged Stubblefield's convictions for aggravated sexual assault and aggravated robbery. Ex parte Stubblefield, Nos. 414010-A; 421753-A (185th Dist. Ct., Harris County, Tex.).  The Texas Court of Criminal Appeals denied the first habeas petition without written order on September 30, 1987.  Ex parte Stubblefield, No. 17,332-01 at cover (Tex. Crim. App.).  Stubblefield filed his second petition for writ of habeas corpus on December 29, 2003, alleging that TDCJ had incorrectly calculated the time credits on his sentence.  Ex parte Stubblefield, No. 421753-B (185th Dist. Ct., Harris County, Tex.). On February 11, 2004, the Texas Court of Criminal Appeals denied this petition without written order on findings of the trial court

-2-

without a hearing.  Ex parte Stubblefield, No. 17,332-02 at cover
(Tex. Crim. App.).  In Stubblefield's third petition for state writ
of habeas corpus, also filed on December 29, 2003, he alleged the
same claim, that there had been improper calculation of the time
credits on his sentence.  Ex parte Stubblefield, No. 414010-B
(185th Dist. Ct., Harris County, Tex.).  On May 5, 2004, this third
petition for a writ of habeas corpus was denied without written
order on findings of the trial court without a hearing.  Ex parte
Stubblefield, No. 17,332-03 at cover (Tex. Crim. App.).

Stubblefield filed the pending federal habeas corpus petition
on October 29, 2004.  (Petition for a Writ of Habeas Corpus by a
Person in State Custody, Docket Entry No. 7)  In this petition
Stubblefield again contends that his good-time credits have been
calculated incorrectly.  Id. at 10-14.  Stubblefield further
alleges that he became eligible in January of 2001 to earn an extra
five days of credit per month for an on-the-job training
certificate he received.  Id. at 12.  On the basis of these
arguments Stubblefield states that he should have accumulated 28
years and 6 months of good-time credit instead of the 19 years, 10
months, and 27 days of good-time credit reflected in a timesheet he
received on November 17, 2003.  Id. at 10, 13.

Specifically, Stubblefield's pending federal habeas corpus
petition raises the following grounds for relief:

-3-

(1)   Stubblefield's time served in prison, coupled with his accrued good-time credit, exceeds the maximum term to which he was sentenced, and therefore he should be released to mandatory supervision;

(2)   the denial of good-time credit has delayed Stubblefield's discharge date, which is an *ex post facto* violation;

(3)   according to its own Administrative Directive, TDCJ miscalculated Stubblefield's time credits by not backdating his good-time credit properly when he was promoted to SAT-3 time-earning status in January of 1995; and

(4)   Stubblefield has not been properly credited with five extra days of good time per month for an on-the-job training certificate that he was awarded in January of 2001.

Id. at 10-14.

Respondent moves for summary judgment.  He argues that claims one, two, three, and four are barred by the statute of limitations, that Stubblefield has failed to exhaust his state court remedies for claims two and four, and that Stubblefield has failed to meet his burden of proof under 28 U.S.C. § 2254(d).

## II.  Motion for Summary Judgment

### A.   Summary Judgment Standard of Review

Respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  Summary judgment is proper if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); Celotex v. Catrett, 477 U.S. 317, 322 (1986).  The party moving for summary judgment bears the initial burden of

proving the absence of any genuine issues of material fact.  FED. R. CIV. P. 56(e); <u>Celotex</u>, 477 U.S. at 322.  Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial.  <u>Smith v. Brenoettsy</u>, 158 F.3d 908, 911 (5th Cir. 1998).  If the non-movant is unable to meet this burden, then the motion for summary judgment will be granted.  FED. R. CIV. P. 56(c).

**B.    AEDPA Standard of Review**

Petitioner's federal habeas corpus petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to non-capital habeas corpus petitions filed after April 24, 1996.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 326 (1997); <u>Green v. Johnson</u>, 116 F.3d 1115, 1119 (5th Cir. 1997).  Under the AEDPA federal relief cannot be granted on claims already adjudicated on the merits in state court unless the adjudication of the claims

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court decision is contrary to clearly established federal law if it applied a rule that contradicts the governing law

established in Supreme Court cases, or if the state court arrived at a different result than the Supreme Court did in a case with materially indistinguishable facts.  <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002).   A state court decision involves an unreasonable application of the Supreme Court's precedent if it identified the correct governing legal rule from the Court's cases, but unreasonably applied it to the facts of the particular state prisoner's case.  <u>Williams v. Taylor</u>, 529 U.S. 362, 402-03 (2000).

A state court decision will not be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state-court proceeding."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 324 (2003).   A federal court must presume the state court findings to be correct unless the petitioner can establish the unreasonableness of the findings by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); <u>see</u> <u>also</u> <u>Miller-El</u>, 537 U.S. at 330.

### III.  <u>Analysis</u>

**A.  Statute of Limitations**

The AEDPA includes a one-year statute of limitations.   It states in part:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The period shall run from the latest of:
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an
application created by State action in violation of the
Constitution or laws of the United States is removed, if
the applicant was prevented from filing by such State
action;

(C)   the date on which the constitutional right asserted
was initially recognized by the Supreme Court, if the
right has been newly recognized by the Supreme Court and
made retroactively applicable to cases on collateral
review; or

(D)   the date on which the factual predicate of the claim
or claims presented could have been discovered through
the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

When a petitioner's claim for relief accrued before the
enactment of the AEDPA on April 24, 1996, a petitioner should be
given one year from the date of the enactment of the AEDPA to file
a petition for a writ of habeas corpus.   United States v. Flores,
135 F.3d 1000, 1004-06 (5th Cir. 1998).   This means that when a
petitioner's claim accrued before April 24, 1996, the petitioner
must have filed for habeas relief by April 24, 1997.   Flanagan v.
Johnson, 154 F.3d 196, 201-02 (5th Cir. 1998).

Stubblefield asserts that the TDCJ began to calculate his time
credits incorrectly in January of 1995.   (Brief in Support of
Petition for a Writ of Habeas Corpus by a Person in State Custody,
Docket Entry No. 7 at unnumbered pages 3 and 4)   Therefore,
Stubblefield either discovered or could have discovered the
calculation error he alleges in January of 1995 when he was
promoted to SAT-3 time-earning status and the TDCJ failed to

-7-

backdate

his good-time credits.  Thus, the statute of limitations as to claims one, two, and three began to run in January of 1995.  But since Stubblefield's claims accrued before the AEDPA's passage in 1996, Stubblefield's one-year limitation period for filing a federal habeas petition expired on April 24, 1997.  <u>Flanagan</u>, 154 F.3d at 201-02.

Stubblefield asserts in his fourth claim that he became eligible to earn five extra days per month of good-time credit for an on-the-job training certificate that he received in January of 2001.  (Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 7 at page 12)  Thus, Stubblefield either knew or should have known in January of 2001 about the time calculation he disputes in his fourth claim.  Consequently, Stubblefield had until January of 2002 to timely file a federal habeas corpus petition for claim four.

The statute of limitations expired on April 24, 1997, for Stubblefield's first three claims and in January of 2002 for his fourth claim.  Stubblefield did not file his second and third state petitions for a writ of habeas corpus challenging the calculation of his good-time credits until December 29, 2003.  Thus, each petition was filed after the expiration of the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1).  28 U.S.C. § 2244(d)(2) provides for the tolling of the limitations period during the

pendency of a properly filed application for state court collateral review.  28 U.S.C. § 2244(d)(2).  Stubblefield's state habeas applications did not toll the limitations period since it had already expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling does not apply to any of Stubblefield's claims.  The doctrine of equitable tolling is intended to preserve a plaintiff's claims "when strict application of the statute of limitations would be inequitable."  Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995).  Equitable tolling is appropriate in "rare and exceptional circumstances."  Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1999).  Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996).  Equitable tolling is not applied where the applicant failed to diligently pursue habeas corpus relief under 28 U.S.C. § 2254.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  Furthermore, ignorance of the law, even for an incarcerated pro se petitioner, usually does not excuse the failure to promptly file.  Id.  Mere excusable neglect does not support equitable tolling.  Rashidi, 96 F.3d at 128.

There is no evidence to suggest that the state actively misled

-9-

Stubblefield.   Furthermore, there are no rare and exceptional circumstances present to justify equitable tolling for Stubblefield's claims.   As a result, the doctrine of equitable tolling does not apply.   Rather, Stubblefield's failure to raise his claims within the statute of limitations means that his claims are time-barred and subject to dismissal.

**B.    Exhaustion**

Aside from not meeting the statute of limitations, Stubblefield has not fully exhausted all his claims in state court. Under the AEDPA a petitioner who is in custody pursuant to a judgment of a state court is required to exhaust state habeas corpus remedies before seeking federal habeas relief.  28 U.S.C. § 2554(b)-(c).   A petitioner has not exhausted the remedies available in the state courts if he has the right under the law of the state to raise the question presented.  28 U.S.C. § 2554(c).

A Texas prisoner will satisfy the exhaustion requirement if he fairly presents to the Texas Court of Criminal Appeals the substance of his claims, either in a petition for discretionary review or in a petition for a writ of habeas corpus.  Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).  See Picard v. Connor, 404 U.S. 270, 275-78 (1971); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1988); Vela v. Estelle, 708 F.2d 954, 958 (5th Cir. 1983).

A federal habeas petitioner has failed to exhaust his state court remedies when he relies on a different legal theory than he

did in state court, or when he presents the same legal claim but supports it with factual allegations that he did not raise in the state court. Dispensa v. Lynaugh, 847 F.2d 211 (5th Cir. 1988). In addition, a federal district court must dismiss a "mixed" habeas corpus petition that contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982).

Stubblefield did not assert his second or fourth claims in his state habeas corpus petitions. Nowhere in his state habeas petitions did Stubblefield specifically allege an *ex post facto* violation, i.e., that the punishment imposed against him was more severe than the original punishment available when the criminal act occurred. Hallmark v. Johnson, 118 F.3d 1073, 1077 (5th Cir. 1997). Moreover, Stubblefield did not expressly contend in his state habeas petitions that he was not properly credited with five extra days of good-time credit per month for an on-the-job training certificate he received in January of 2001. See Ex parte Stubblefield, Nos. 421753-B; 414010-B. Instead, he merely asserted in broad terms that his good-time credits had been incorrectly calculated. Id. Stubblefield asserts that because he raised claims two and four in his federal habeas petition, he has exhausted them. (Docket Entry No. 16 at page 6) This argument is

flawed because it does nothing to show that he raised these arguments in his state petitions.

Stubblefield has not explained his failure to exhaust claims two and four in state court.  Because claims two and four were raised for the first time in his federal petition for habeas corpus, they must be dismissed.  Moreover, because Stubblefield's federal habeas petition contains both exhausted and unexhausted claims, it is a "mixed" petition that must be dismissed.

## C.   Review Under the AEDPA

Even if Stubblefield's claims were not barred by limitations and the exhaustion doctrine, the claims would not survive the AEDPA standard of review.  The Texas Court of Criminal Appeals denied all three of Stubblefield's petitions for habeas corpus without written order.  The second and third petitions both raised the claim that TDCJ had incorrectly calculated Stubblefield's time credits. Ex parte Stubblefield, Nos. 421753-B; 414010-B.

When the state has not raised any procedural grounds for denying relief on the petitioner's claim, the adjudication is on the merits.  Singleton v. Johnson, 178 F.3d 381, 384 (5th Cir. 1999).  Moreover, the Texas Court of Criminal Appeals has held that a "denial" signifies that the court addressed and rejected the merits of a particular claim, while a "dismissal" signifies that

-12-

the court did not consider the merits of the claim.  Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. April 16, 1997).

Because the state did not raise any procedural grounds for denying relief on the petitioner's claim, and since the state denied the applications instead of dismissing them, the state adjudicated the applications on their merits.  Therefore, in order to obtain federal relief, Stubblefield must show that the decision satisfies a condition contained in 28 U.S.C. § 2254(d).

In his federal habeas petition Stubblefield merely repeats and adds to the claims he made in his state habeas petitions.  Nowhere does he assert that the Texas Court of Criminal Appeals' denial of his petition resulted in a decision that was contrary to, or an unreasonable application of, a clearly established federal law as determined by the Supreme Court of the United States.  (See Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 7.)  Furthermore, Stubblefield made no specific showing that the state court's denial of his writ resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  Id.  Because Stubblefield fails to satisfy 28 U.S.C. § 2254(d), he cannot be granted federal relief.

## IV.  Conclusion and Order

Because claims in Stubblefield's federal petition for a writ of habeas corpus are barred by the statute of limitations, were not exhausted in state courts, and do not satisfy the AEDPA's standard

-13-

of review, Respondent's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**.   Petitioner's Motion for Finding of Default (Docket Entry No. 14) is **DENIED**.

      **SIGNED** at Houston, Texas, on this the 8th day of June, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE